**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Medicis Pharmaceutical Corporation, | No. CV-05-3458-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Upsher-Smith Laboratories, Inc.; Prasco, LLC (d/b/a Prasco Laboratories), Group, Inc., | |
| Defendants. | |

Pending before the Court is Plaintiff Medicis Pharmaceutical Corporation's ("Medicis") Motion to Stay Proceedings (the "Motion to Stay"). (Dkt. 114.) Defendant Upsher-Smith Laboratories, Inc. ("Upsher") has filed an Opposition to Medicis's Motion to Stay (dkt. 115), in which Prasco, LLC ("Prasco" and, collectively with Upsher, "Defendants") has joined (dkt. 116). Medicis has replied to Defendants' Opposition. (Dkt. 117.)   After considering the arguments raised in the parties' briefs, the Court issues the following Order.

**BACKGROUND**

On June 14, 2005, Medicis was awarded U.S. Patent No. 6,905,675 (the "675 Patent") for a product called Plexion Cleanser ("Plexion"). Medicis contends Claim 1 of the '675 Patent claims an innovative formula of sulfur and sodium sulfacetamide in a dermatological composition for the treatment of skin conditions including rosacea and acne. Medicis further

1 claims that Prasco and Upsher are selling competing products, Prascion and Clenia,
2 respectively, that infringe Claim 1 of the '675 Patent.

3   On October 27, 2005, Medicis filed a Complaint against Defendants. (Dkt. 1.) One
4 week later, Medicis filed a Motion for Preliminary Injunction (Dkt. 10), requesting that
5 Defendants be preliminarily enjoined from "making, using, offering for sale, and/or selling
6 infringing products, including but not limited to Clenia and Prascion, and from otherwise
7 infringing, contributing to the infringement of, or actively inducing infringement of, the '675
8 Patent." (Dkt. 1 at 5.)

9   On April 28, 2006, after a two-day hearing held on March 8 and 9, 2006, the Court
10 denied Medicis's Motion for a Preliminary Injunction on a number of grounds. (Dkt. 113.)
11 Among other reasons, the Court found that Defendants presented evidence that prior art
12 references anticipated and/or made obvious the '675 Patent because "the term cleanser as
13 used in Claim 1 of the '675 Patent does not require that a composition be rinsed off." (Id.
14 at 4, 6, 9.)

15   On June 16, 2006, Medicis filed a Request for Reexamination of the '675 Patent with
16 the Patent and Trademark Office (the "PTO"). (Dkt. 114, Foster Decl. at ¶4.) Any person
17 may request reexamination by the PTO of any claim of a patent on the basis of "any prior
18 art." 35 U.S.C. § 302. If the Director finds that the prior art raises a "substantial new
19 question of patentability affecting any claim of a patent," the PTO will reexamine the patent
20 in light of the prior art. Id. §§ 303-304. If reexamination is ordered, "[t]he patent owner will
21 be given a reasonable period . . . within which he may file a statement on such question,
22 including any amendment to his patent and new claim or claims he may wish to propose, for
23 consideration in the reexamination." Id. § 304. When the entire reexamination process is
24 complete (and appeal time expired or appeals exhausted), the PTO will issue a certificate
25 "canceling any claim of the patent finally determined to be unpatentable, confirming any
26 claim of the patent determined to be patentable, and incorporating in the patent any proposed
27 amended or new claim determined to be patentable." Id. § 307(a).

28

In the present case, Medicis's reexamination request is "based on all of the prior art references cited by Defendants [during the preliminary injunction hearing] and not previously considered during the original prosecution." (Dkt. 114 at 5.) In its reexamination request, Medicis disclosed the instant case and "noted that patent infringement and validity are issues in this litigation." (Id.) On August 1, 2006, the PTO granted Medicis's request by ordering a reexamination of the '675 Patent. (Id.)

**DISCUSSION**

Medicis requests the Court issue an order staying the instant case pending the final outcome of the PTO's reexamination of the '675 Patent because the reexamination request "could result in amendment or even cancellation of the asserted claims, thereby significantly altering the issues" in the present case. See Dkt. 114 at 2, 4-9. Defendants do not fundamentally disagree with Medicis's contention that a stay of the instant litigation is warranted, but instead argue that three conditions should be imposed if a stay is granted: (i) the Order denying Medicis's Motion for Preliminary Injunction should be unsealed so that Medicis can provide the Order to the PTO; (ii) Medicis should be precluded from asserting infringement of any patents related to sulfur and/or sodium sulfacetamide products during the stay; and (iii) the Court should retain jurisdiction over any potential disputes regarding the protective order in the present case (dkt. 61). See Dkt. 115 at 1-7.

**A.  The Instant Proceeding Will Be Stayed**

As the Federal Circuit has noted, courts have inherent power to stay their proceedings pending the reexamination of a patent. Gould v. Control Laser Corp., 705 F.2d. 1340, 1342 (Fed.Cir. 1983); Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed.Cir. 1988). Indeed, district courts within this Circuit have noted that "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination . . . proceedings." ASCII Corp. v. STD Entertainment USA, Inc., 844 F.Supp. 1378, 1381 (N.D.Cal. 1994); Guthy-Renker Fitness L.L.C. v. Icon Health and Fitness Inc., 48 U.S.P.Q.2d 1058, 1060 (C.D.Cal. 1998) (citation omitted). In determining whether to stay a case pending reexamination, a court must consider the following factors: (1) whether a stay

- 3 -

1  will simplify the issues in question and trial of the case; (2) whether discovery is complete
2  and whether a trial date has been set; and (3) whether a stay would unduly prejudice or
3  present a clear tactical disadvantage to the nonmoving party. In re Cygnus Telecomms.
4  Tech., LLC, 385 F.Supp.2d 1022, 1023 (N.D. Cal. 2005).  Here, all three factors weigh in
5  favor of granting Medicis's request for a stay.

6        First, the Court finds that staying the proceedings will simplify the issues and focus
7  the litigation in the present case.  As Medicis notes, "the reexamination could result in claim
8  amendments or even cancellation," thereby simplifying and focusing the issues in the case.
9  By granting a stay at this juncture, the parties will save the expense of litigating issues that
10 the PTO's experts may render moot.  Moreover, the PTO has ordered reexamination of the
11 '675 Patent, following Medicis's request based on "all of the prior art references cited by
12 Defendants [during the preliminary injunction hearing] that were not previously considered
13 during the original prosecution."  (Dkt. 114 at 5.)   Thus, any review of prior art that the
14 Court may conduct will be enhanced by the PTO's expert opinion.  See In re Etter, 756 F.2d
15 852, 857 (Fed.Cir. 1985) ("When the patent is concurrently involved in litigation, an
16 auxiliary function [of reexamination] is to free the court from any need to consider prior art
17 without the benefit of the PTO's initial consideration."); Brown v. Shimano American Corp.,
18 18 U.S.P.Q.2d 1496 (C.D.Cal. 1991) ("[R]eexamination by the PTO when issues relevant
19 to prior art are involved is especially helpful given the PTO's expertise.").

20       Second, the early stage of the instant litigation weighs in favor of granting a stay.  See
21 Target Therapeutics, Inc.v. SciMed Life Sys., Inc., 33 U.S.P.Q.2d 2022, 2023 (N.D.Cal.
22 1995) (holding that the absence of "significant discovery" or "substantial expense and time
23 . . . invested" in the litigation weighed in favor of staying the litigation); see also ASCII
24 Corp., 844 F.Supp. at 1381 (granting stay where parties had undertaken little or no discovery
25 and the case had not yet been set for trial).  The parties here have engaged in limited
26 discovery pertinent only to the issues addressed at the hearing on Medicis's request for a
27 preliminary injunction.  Dkt. 114 at 9.  Moreover, no trial date has been scheduled.  Id.  The
28 fact that this case is still in the early stages and the parties have not yet conducted

1  "significant discovery" or invested "substantial expense" into the litigation weighs in favor
2  of granting a stay.  See Target Therapeutics, 33 U.S.P.Q.2d at 2023.

3  Finally, the Court finds that a stay would not unduly prejudice or present a clear
4  tactical disadvantage to Defendants.  The present case was filed only fourteen months ago,
5  the Court issued its Order denying the preliminary injunction less than six months ago, and
6  the litigation is still in the early stages.  Therefore, this is clearly not a case where
7  reexamination is sought on the eve of trial, after protracted discovery, or at a critical juncture
8  in the case.  See E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co., 711 F.Supp. 1205,
9  1208 n.9 (D. Del. 1989) (denying stay where litigation had advanced through trial, appeal,
10 and remand when stay requested); cf. Agar Corp. Inc. v. Multi-Fluid, Inc., 983 F.Supp. 1126,
11 1128 (S.D.Tex. 1997) (finding that "courts are inclined to deny a stay when . . . the case has
12 been set for trial and the discovery phase has almost been completed").  Indeed, denying the
13 stay could result in substantial expense and wasted resources if the PTO and the Court were
14 to issue inconsistent rulings.  See Bausch & Lomb Inc. v. Alcon Labs., Inc., 914 F.Supp. 951,
15 952-53 (W.D.N.Y. 1996) (because courts and the PTO apply different standards and can
16 consider different evidence, courts' findings on patent validity are not binding on PTO and
17 vice versa).  Moreover, Defendants have made no showing of dilatory motive or tactics by
18 Medicis in requesting reexamination.

19 **B.     The Imposition of Defendants' Proposed Conditions Is Not Necessary**

20 As previously stated, Defendants have requested the Court to place three conditions
21 upon its issuance of a stay:  (i) unseal the Court's Order denying Medicis's Motion for
22 Preliminary Injunction "so that Medicis may freely disclose the Court's Order and claim
23 construction to the PTO"; (ii) preclude Medicis from asserting "infringement of any patents
24 related to sulfur and/or sodium sulfacetamide products during the stay"; and (iii) "retain
25 jurisdiction over any potential disputes regarding the Protective Order in this case" (dkt. 61).
26 See Dkt. 115 at 1-7..

27 Defendants contend the first proposed condition – unsealing the Court's Order
28 denying the Preliminary Injunction so that Medicis is provided the opportunity to submit it

- 5 -

1  to the PTO – is necessary in order to apprise the PTO that "Medicis originally defined
2  'cleanser' as 'a composition that incorporates a surface agent . . . [i.e.,] a compound that
3  reduces surface tension at the external boundary of a liquid.'" (Dkt. 115 at 4.) Defendants
4  further argue that, if the Order is not unsealed, Medicis will later be able to claim that it was
5  excused from providing the PTO with "information highly material to patentability, and
6  complying with its duty of candor to the PTO." (Id. at 4-5.)

7        The Court will not unseal the Order and require Medicis to provide it to the PTO
8  because to do so would require the Court to improperly involve itself in the necessarily ex
9  parte process of the PTO's reexamination. As the Federal Circuit has found, "[a] party's
10 choice of what, if anything, to file with the patent office in a reexamination proceeding
11 should remain undisturbed by the courts." Emerson Elec. Co. v. Davoil, Inc., 88 F.3d 1051,
12 1054 (Fed.Cir. 1996) (internal quotations omitted) (holding that district court exceeded its
13 authority when it required patentee, as condition of stay of patent infringement suit, to file
14 alleged infringer's documents together with its own responses to reexamination request).
15 While noting the importance of candor and good faith during reexamination, the Court will
16 refrain from involving itself in the reexamination proceeding by implying that Medicis
17 should submit the Court's Order to the PTO. The Court notes, however, that if Medicis
18 elects to provide the Order to the PTO, the Court will unseal the Order upon the filing of a
19 request by Medicis.

20       For two reasons, the Court rejects Defendants' second proposed condition – preclude
21 Medicis from asserting "infringement of any patents related to sulfur and/or sodium
22 sulfacetamide products during the stay." (Dkt. 115 at 1-2.) First, nothing in the patent
23 statute or case law requires a patent owner to refrain from suing alleged infringers pending
24 reexamination. Micron Technology, Inc. v. Rambus Inc., 189 F.Supp.2d 201 (D. Del. 2002),
25 and In re Laughlin Products, Inc., 265 F.Supp.2d 525 (E.D. Pa. 2003), cited by Defendants,
26 are distinguishable from the present case. Micron Technology involved an agreement by the
27 patent holder not to assert patent rights during a stay of litigation pending appeal, not pending
28 reexamination by the PTO. See 189 F.Supp.2d at 211-13. Although the Court in In re

1  Laughlin Products granted a stay pending reexamination on the condition that the patentee
2  not file suit on the same patent against new defendants, the Court permitted the patentee to
3  obtain tolling agreements from potential defendants and allowed new lawsuits if such
4  agreements were not obtained.  265 F.Supp.2d at 536-38.

5        Second, Defendants have failed to show that the second proposed condition is
6  necessary to avoid undue prejudice to them.  Although reexamination will postpone activity
7  in the present a case for period of time, it will likely clarify and potentially narrow the issues,
8  resulting in a more efficient resolution of the suit – for all three parties – following the
9  conclusion of the reexamination process.  The parties may agree among themselves that no
10 new infringement suits will be filed while this proceeding is stayed, but it is both
11 unnecessary and inappropriate for the Court to condition the issuance of a stay on
12 Defendants' vague and overbroad request.  See dkt. 115 at 1-2 ("any patents related to sulfur
13 and/or sodium sulfacetamide products").

14       As Medicis notes, Defendants' third proposed condition – the retention of jurisdiction
15 over disputes regarding the Protective Order (dkt. 61) – is not necessarily a "condition"
16 because the Court's jurisdiction over protective order issues remains in effect during the stay.
17 For the sake of clarity, however, the Court will acknowledge its retention of jurisdiction on
18 this issue in the order staying the case.

19       In sum, the Motion to Stay will be granted,  conditioned only on Medicis's duty to
20 (i) continue prosecuting the reexamination proceeding as expeditiously as possible; and (ii)
21 promptly report the outcome of the reexamination proceeding to this Court and Defendants.

22 **IT IS HEREBY ORDERED GRANTING** Medicis's Motion to Stay This
23 Proceeding. (Dkt. 114.)

24 **IT IS FURTHER ORDERED** that this case shall be stayed pending the final
25 outcome of the PTO's reexamination of the '675 Patent.

26 **IT IS FURTHER ORDERED** that Medicis shall continue to prosecute the
27 reexamination proceeding as expeditiously as possible.

28

1  **IT IS FURTHER ORDERED** that, within five (5) days of receiving notice of the
2  outcome of the reexamination proceeding, Medicis shall file and serve a notice of the
3  outcome on this Court and both Defendants.

4  **IT IS FURTHER ORDERED** that, during the pendency of this stay, the Court
5  explicitly acknowledges its retention of jurisdiction over disputes regarding the Protective
6  Order in this case (dkt. 61).

7  **IT IS FURTHER ORDERED** that, if disputes regarding the Protective Order arise,
8  the parties shall meet and confer and attempt to resolve such disputes without Court action.
9  If the parties' efforts fail, the complaining party may request a telephonic hearing to resolve
10  any Protective Order disputes.

11  DATED this 19th day of October, 2006.

_____
Stephen M. McNamee
United States District Judge